# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IZELL BROWN, JR.,

    Plaintiff,

    v.

FRANCIS T. VENABLE, *et al.*,

    Defendants.

Civil Action 2:18-cv-569
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Izell Brown, Jr., a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Captain Francis T. Venable ("Defendant Venable"), alleging that Captain Venable subjected him to excessive force in violation of the Eighth Amendment. Although Plaintiff names other individuals in the caption of his Complaint, he writes "witness" next to these individuals' names. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court (1) permit Plaintiff to proceed on his excessive for claim against Defendant Venable, and (2) to the extent Plaintiff intends to name other individuals as defendants rather than witnesses, **DISMISS**

any claims against those individuals pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of $108.87 in his prison account as of April 26, 2018. That amount is insufficient to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Number A730164) at Madison Correctional Institution ("MCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See*

3

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than

formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.

According to the Complaint, on April 9, 2018, Defendant Venable noticed that Plaintiff required medical intervention and escorted him to an exam room. While escorting him, Defendant Venable "began to provoke" Plaintiff, which caused him to fear for his safety. (Compl. 5, ECF No. 1-1.) Upon arrival in the examination room, Plaintiff refused to obey Defendant Venable's command to sit down. In response, Defendant Venable punched Plaintiff on his face, causing severe swelling to Plaintiff's right eye. The undersigned **RECOMMENDS** that Plaintiff be permitted to proceed on his excessive for claims against Defendant Venable.

It appears that Plaintiff does not intend to assert claims against the other five individuals he lists in the caption of his Complaint. Next to each of these remaining defendants' names, Plaintiff wrote "witness." Moreover, the allegations in Plaintiff's Complaint fail to show how any of these individuals' actions violated the Constitution or any federal statute. Plaintiff's allegations relating to each of the five other individual defendants are summarized below:

- **Defendant Dr. Neufeld**: Plaintiff alleges that Dr. Neufeld examined him after the incident and concluded that his facial injury was consistent with a punch.

- **Defendant A. Camara:** Plaintiff alleges that Defendant A. Camara was the officer assigned to his mental health watch at the prison.

- **Defendant C. Hahn:** Plaintiff alleges that Defendant corrections officer Hahn told him after the incident that others knew what Defendant Venable did, but that they did not want to get involved.

- **Defendant Nurse Trentmen:** Plaintiff alleges that after the incident, Defendant Nurse Trentmen took photographs of his injury.

5

- **Defendant Nurse Carter:** Plaintiff alleges that Defendant Nurse Carter told him the day after the incident that she knows incidents like what happened to Plaintiff happen and that these incidents were going to continue to occur if Plaintiff put himself in those situations.

To the extent Plaintiff intended to name these five individuals as Defendants, he fails to state plausible claims for relief against them. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants Neufeld, Camara, Hahn, Trentman, or Carter were personally involved in any violation of Plaintiff's rights. In addition, the Court is unable to discern what actions these defendants took that could suffice to form the basis of a plausible claim under § 1983. For these reasons, to the extent Plaintiff intends to assert claims against Defendants Neufeld, Camara, Hahn, Trentman, or Carter, it is **RECOMMENDED** that the Court **DISMISS** those claims pursuant to § 1915(e)(2).

Finally, Plaintiff's Motion for Appointment of Counsel (ECF No. 1-5) is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case. Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of

counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated the factors used to assess whether such circumstances exist in this case and has determined that appointment of counsel is not warranted at this juncture.

**III.**

For the reasons set forth above, Plaintiff motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**, and his Motion for Appointment of Counsel (ECF No. 1-5) is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case. In addition, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his excessive force claim against Defendant Venable and that to the extent he intends to assert claims against the other five named individuals, that those claims be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE