# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**IZELL BROWN, JR.,**

    **Plaintiff,**

    v.

**FRANCIS T. VENABLE,**

    **Defendant.**

Civil Action 2:18-cv-569
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

# ORDER

Defendant's Motion to Dismiss is **DENIED AS MOOT**. (ECF No. 20.)

Having conducted an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, the undersigned recommended dismissal of all claims Plaintiff advanced in his Complaint with the exception of Plaintiff's excessive force claim against Defendant Venable. (ECF No. 4.) The Court adopted the Report and Recommendation, and permitted Plaintiff to proceed only on his excessive force claim against Defendant Venable. (ECF No. 14.)

In the subject Motion, Defendant asks for dismissal of Plaintiff's Complaint on Eleventh Amendment immunity grounds. (ECF No. 20.) Defendant correctly acknowledges that such immunity only applies to extent Plaintiff has advanced official-capacity claims, as such claims are to be treated as claims against the entity—here, the State of Ohio—and the Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. (*See* Def.'s Mot. 4, ECF No.

20.); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (holding that because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages).

Defendant also correctly points out that Plaintiff's Complaint does not explicitly state whether Defendant is sued in his individual capacity. Under these circumstances, the Court applies a "course of proceedings" test, looking both at the complaint and at subsequent filings, to determine the capacity in which a defendant has been sued. *See Moore v. City of Harriman*, 272 F.3d 769, 772–74 (6th Cir. 2001). ("[W]hile it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, . . . failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Id.* at 772 (citation and quotation omitted)). In *Moore*, the United States Court of Appeals for the Sixth Circuit concluded that the trial court erred in dismissing the plaintiff's § 1983 claims against individual officers where the plaintiff's complaint listed only the officers' names rather than their official titles and sought compensatory and punitive damages against the defendants. *Id.* at 773-74.

Applying the course of proceedings test here makes clear that Plaintiff has sued Defendant in his individual capacity only. Like the *Moore* plaintiff, Plaintiff did not identify Defendant's title in the case caption and he seeks $500,000 in damages against Defendant. (*See* Compl., ECF No. 2.) Moreover, upon review of Plaintiff's Complaint, the Court construed Plaintiff as advancing only an individual capacity excessive force claim against Defendant Veneble. (*See* ECF Nos. 4 and 14.) Finally, any doubt as to the capacity in which Plaintiff sues

Defendant is not reasonable in view of his representation in his Memorandum in Opposition that he is suing Defendant in his individual capacity only. (ECF No. 23.)

Because Plaintiff has sued Defendant only in his individual capacity, Defendant's Motion to Dismiss, which seeks dismissal of official-capacity claims, is **DENIED AS MOOT**. *Cf. Allianz Global Risk US Ins. Co. v. Marquette Transp. Co., LLC*, No. 5:12-cv-168, 2013 WL 1562024, at *6 (W.D. Ky. Apr. 12, 2013) (defendants' motion "rendered moot in the course of proceedings by . . . clarifying statements that [the claimant] seeks only to recovery monetary damages against [the defendants] in their individual capacities").

In accordance with Federal Rule of Civil Procedure 12(b)(4)(A), Defendant must file his Answer or other responsive pleading **WITHIN FOURTEEN DAYS**.

**IT IS SO ORDERED**.

   /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE